# Order

Michigan Supreme Court
Lansing, Michigan

June 6, 2008

135514

RAYMOND TYSON,
      Plaintiff-Appellee,

v

FARM BUREAU GENERAL INSURANCE
COMPANY,
      Defendant-Appellant.

SC: 135514
COA: 277200
Saginaw CC: 06-063026-AV
70th DC:  06-3934-CV

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the application for leave to appeal the November 14, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

Aluminum siding and a screen door were stolen from plaintiff's house. Defendant, plaintiff's insurer, refused to cover the loss. Following a bench trial, plaintiff obtained a judgment for almost $6,000. The circuit court affirmed, and the Court of Appeals denied leave to appeal. I would reverse.

The contract at issue states, "We insure for direct loss to the property covered by a peril listed below, unless the loss is excluded in the General Exclusions." One of the listed covered perils is "vandalism or malicious mischief." However, immediately after the provision that states that "vandalism and malicious mischief" are covered, the contract states that it does not cover losses suffered as a result of "pilferage, theft, burglary, or larceny."

Defendant argues that theft is not covered because the contract specifically states that theft is not a covered loss. Plaintiff argues that theft is covered because it is "not excluded in the General Exclusions." The district and circuit courts held that the contract is "ambiguous," and, thus, should be construed against the drafter.

However, a provision is ambiguous "only if it 'irreconcilably conflicts' with another provision, or when it is equally susceptible to more than a single meaning." *Lansing Mayor v Public Service Comm,* 470 Mich 154, 166 (2004) (citation and emphasis omitted). I agree with defendant that the contract at issue here is not ambiguous. Instead, it very specifically states that it does not cover losses suffered as a result of "pilferage, theft, burglary, or larceny." The fact that theft is not listed in the General Exclusions section does not create an ambiguity. The contract explicitly states that only "the perils listed below" are covered. The contract then states that the peril of theft is not covered. Therefore, there was no need to subsequently list theft as an excluded loss in the General Exclusions. It makes no sense to exclude from the coverage of a legal document something that already is expressly not included.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 6, 2008

Clerk

p0603